A. BRAVERMAN, Appellant, v. AMERICAN MANUFACTURING COMPANY, Appellee.

TRIAL: Verdict—Excessiveness. A verdict for $45 for the storing of goods was erroneous, where the evidence showed that the value thereof could not exceed $38.

COMPROMISE AND SETTLEMENT: Construction of Contract— Return of Goods. A stipulation between a wholesaler and a retailer, providing for the payment of $241.70 to the wholesaler and the return to the wholesaler at the invoice price, "of all goods the retailer now has on hand, which was sold and delivered to him by the wholesaler, and in return for which the retailer was to receive other goods, to be selected by him, at wholesale price," does not require the return of goods to the amount of $241.70, the retailer not having that amount on hand, and being required only to return the amount he had on hand.

*Appeal from Cedar Rapids Superior Court.*—C. B. ROBBINS, Judge.

JULY 7, 1919.

ACTION to recover the value of certain goods. Opinion states the facts. Verdict for the defendant in the court below. Plaintiff appeals.—*Reversed and remanded.*

*Ring & Hann,* for appellant.

*Dawley, Jordan & Dawley,* for appellee.

GAYNOR, J.—This is an action to recover the value of certain goods claimed by the plaintiff under conditions hereinafter explained.

Prior to the commencement of this suit, and on or

about December, 1911, the defendant brought an action against the plaintiff, on account, for goods sold and delivered by it to the plaintiff. In that suit, the plaintiff filed a counterclaim. After the cause had been assigned for trial, and on or about the 20th day of September, 1912, the plaintiff and the defendant entered into a written stipulation of settlement, in the following words:

"It is hereby stipulated and agreed by and between the parties to the above entitled cause that the same is hereby settled as follows: The said A. Braverman to pay to the American Manufacturing Company at once $241.47. The said A. Braverman is to return to the American Manufacturing Company all of the goods he now has on hand which were sold and delivered to him by the plaintiff, the same to be returned at the invoice price. In return for the goods delivered back, the American Manufacturing Company is to give A. Braverman other goods, without cost, in the place of the same, as he may select from time to time, said goods to be furnished to him at the regular wholesale price to the amount of goods returned as above provided. Each party to pay one half the costs."

Thereafter, the defendant in that suit paid to the plaintiff in that suit the sum of $241.47, and returned to it certain goods which he claimed *he had on hand at the time the settlement was made,* and which he claims were sold and delivered to him by this defendant, and thereafter demanded of this defendant, both orally and in writing, that it deliver to him under the stipulation, without cost, at regular wholesale prices, new goods to the amount of the value of the goods returned. He claims that the goods he returned were of the value of $363.55. He claims that the defendant refused to allow him to select other goods to the value of the goods returned, and that this converted his claim into a money demand; and he brings this action to recover of the defendant $363.55, with interest.

The defendant answers and says that it admits that it started an action against the plaintiff during the January term, 1911, in the district court of Linn County; admits that, in that suit, this plaintiff filed a counterclaim, and that, when the cause was at issue, each party was claiming judgment against the other; admits that it entered into the stipulation in writing heretofore set out; denies that the writing contains all the contract; and denies all other claims made by the plaintiff.  It alleges, further, that the compromise referred to was "partly in writing and partly oral;" that, before the writing was signed, this plaintiff had orally agreed to drop his counterclaim, if the agreement or settlement could be made; that, in pursuance of this writing and the oral agreement, they compromised on $241.47, being the amount which this defendant was claiming then against the plaintiff.  It further says that the only goods involved in the discussion, at the time of the settlement, were the goods on which the American Manufacturing Company was claiming a balance due of $241.47; that this plaintiff objected to paying this balance, on the ground that some of the goods represented by the balance were damaged, and proposed to return such as were so damaged, and to take other goods in place of what he returned; that the defendant agreed to this, provided that the plaintiff in this suit would pay the balance which they were suing for; that the written instrument referred to and sued on was made to cover this understanding and agreement; that the defendant understood, at the time, that only $241.47 worth of goods were to be returned; that, in lieu of the goods so returned, plaintiff could select goods of the same make as itemized in plaintiff's suit; that this plaintiff had reason to suppose that this defendant so understood the writing; and that the writing should be construed in the sense in which this plaintiff had reason to believe the defendant understood it when it signed it.

The defendant, further answering, says that all the goods returned by the plaintiff, under the agreement, were not goods sold by the defendant to the plaintiff; that he returned a lot of old goods, which were not involved in the suit that was settled, but were out of date, shopworn, and worthless, and not purchased by the plaintiff from it; that he returned goods amounting to more than $241.47 in value, and demanded the right to have credit at the original purchase price of said goods, whether they were mentioned in the original law suit or not. Defendant further says that the plaintiff has never given an order for any goods that, under the contract, he was entitled to have in lieu of any goods returned; that, if he had done so, defendant would readily have supplied him with them at the wholesale price.

By way of counterclaim, defendant says that the old goods which plaintiff had no right to return under the contract, and which he did return, were stored by it, and the plaintiff was notified that the defendant would not accept them in fulfillment of the agreement, and would store them at plaintiff's expense; that the actual reasonable value of the storage was $100.

Upon the issues thus tendered, the cause was tried to a jury, and a verdict returned by the jury in favor of the defendant for $45.

It might be said here that, on the hearing of the case, the court struck out all that part of defendant's answer in which it alleged and undertook to show the understanding of the defendant of the terms of the contract, and held the defendant bound by the contract as written, and on this holding fixed the rights of the parties in the suit, and left for the determination of the jury practically only two questions: Were the goods returned by the plaintiff to the defendant, in pursuance of the contract, goods which the plaintiff had purchased from the defendant? The court informed the jury that, as to any goods which were not pur-

chased by the plaintiff from the defendant, though delivered to the defendant, the plaintiff could not recover for, under the contract, because he had a right, under the contract, to return only goods which were on hand at the time the settlement was made, and then only such as he had received from the defendant; that he could not return other goods not purchased by him from the defendant, and compel the defendant, under the contract, to deliver to him new goods in lieu thereof, at wholesale prices. It became material, then, for the jury to determine what, if any, goods the plaintiff did return to the defendant which, under the contract, the defendant was bound to receive. For such goods as the plaintiff returned to the defendant under this contract, which the defendant was bound to receive, the plaintiff was entitled to have delivered to him new goods, at wholesale prices. If the evidence disclosed that the plaintiff returned to the defendant, in pursuance of this written contract, any goods which he had a right to return under the contract, then it became the duty of the defendant to permit plaintiff to select new goods, at wholesale prices, in lieu of the goods returned, and to the value of the goods returned, figured by the contract. This we say under the theory upon which the case was submitted to the jury, without approving the theory.

It is conceded by the defendant that the plaintiff returned to it goods purchased by him from it to the amount of $190, and, therefore, under the record as the case was tried and submitted to the jury, plaintiff would have a right to have substituted new goods to the value of the goods returned to the amount of $190. If defendant refused to do this, or to permit the substitution, plaintiff was entitled to have a money judgment for the value of the goods, figured on the basis of the stipulation.

In the disposition of this case, we do not deem it necessary to go into the merits of the controversy, since the case

must be reversed, nor do we deem it necessary to discuss all the errors of which complaint is made. There were undoubtedly errors committed against the defendant in this suit; but defendant has not appealed, and is not complaining of these errors which may, and we think no doubt will, be corrected upon a retrial. The plaintiff alone appeals.

If nothing further were shown than has been indicated here, the plaintiff would be entitled to recover of the defendant at least $190 worth of new goods at wholesale prices. This suit was commenced on the 1st day of November, 1913. The counterclaim was filed on the 29th day of August, 1914. In the counterclaim, the defendant sought to recover for the storage of the articles which it claimed the plaintiff had returned to it wrongfully; and it alleged that it notified the plaintiff of the fact that it would not receive these goods (giving a list of them), because they were not such as the plaintiff had a right to return, under the stipulation, and that it would hold him for storage. In its first counterclaim, the defendant claimed $100. After the cause was called for trial, it was stipulated that the defendant might claim, for the same matter set out in his original counterclaim, the sum of $200, and that the counterclaim would be considered amended to that extent. There was no supplemental counterclaim filed, nor any claim made for any matters not set out in the original counterclaim.

It will be noted that, on the theory of the trial, the plaintiff was entitled to a finding in its favor of at least $190, if entitled to recover anything; and defendant could. against this, set off the reasonable value of 1. TRIAL: verdict: excessiveness. the storage of the goods from the time they were placed in its hands until the commencement of the suit. But one witness was called, to show the reasonable value of the services of the defendant in storing the goods which it claimed were wrongfully returned. The goods were returned in January, 1913.

The counterclaim was filed in August, 1914, making 19 months, at most. The evidence showed that, at the reasonable value for the storage, $2.00 a month, defendant's recovery on the counterclaim could not exceed $38. Assuming that the plaintiff was not entitled to recover anything on his claim, the defendant could not, in any event, recover more than $38. The jury returned a verdict for $45.

The stipulation made at the time of the settlement of the original suit provided that Braverman should return to the American Manufacturing Company all goods *"he now has on hand"* which were sold and delivered to him by the plaintiff, the same to be returned at the invoice price. In this stipulation of settlement, it will be observed that no particular goods were specified.

2. COMPROMISE AND SETTLE-MENT: construction of contract: return of goods.

The only limitation on his right to return, and the only goods which this defendant was bound to receive, were the goods then on hand. It is not the contention of the defendant that Braverman did not deliver to it all the goods on hand at the time the settlement was made, purchased by him from the defendant. Its contention is that he delivered other goods to it, not purchased by him from this defendant. It is for the storage of the goods that he had no right to deliver that the counterclaim is filed. It is practically conceded that, among the property delivered by this plaintiff to the defendant, under the contract, there were articles which he had on hand at the time of the settlement, and that these articles were purchased from the defendant, and that these articles, at their invoice price, amounted to $190. This defendant refused to receive other goods, simply on the ground that they were not goods purchased by the plaintiff from it. These are the goods that were set aside, and which the defendant refused to accept. There is nothing in the contract to show the amount of goods, or the value of the goods, even at invoice price, or the character of goods

that this plaintiff, under the contract of settlement, was
bound to return to the defendant. The only limitation is
that the goods *must be then on hand,* and must be goods de-
livered by the defendant to the plaintiff. If plaintiff did,
as a matter of fact, among the goods returned deliver all
the goods purchased by him from the defendant, on hand at
the time the settlement was made, then he has performed
his part of the contract, and for such goods he was entitled,
under the contract, to other goods, the character of which
is not specified, in place of the goods rightfully returned.
The goods to be taken by him, in lieu of such goods as he
rightfully returned, were to be selected by him from time
to time, at wholesale prices. Whenever the defendant de-
livered to the plaintiff other goods, at wholesale prices, to
the amount of the goods returned by the plaintiff, then the
conditions of the contract were fully performed on the part
of both. It does not appear affirmatively that the defend-
ant ever refused to accept any goods returned by the plain-
tiff, under the stipulation, except such as were not pur-
chased by the plaintiff from it.

Some argument is made, and the theory of the court
seems to have been, that the plaintiff was required to re-
turn to the defendant, not only all goods received by him
and on hand at the time the settlement was made, but goods
to the amount of $241.47, at the invoice price. This con-
struction cannot be placed on the contract. He delivered,
so far as this record shows, all the goods which, under the
contract, he had a right to deliver, and some which he had
no right to deliver. It may be, and according to this record
is, a fact that he did not have on hand, at the time the set-
tlement was made, $241.47 worth of the goods purchased
from the defendant, figured at invoice price. If he was lim-
ited in his right to the return of goods only which "he had
on hand at the time of the settlement and which were sold
and delivered to him by the defendant," how could he de-

liver $241.47 worth, if, at that time, he did not have goods on hand, purchased from the defendant, that, at the invoice price, would amount to $241.47? If the defendant's theory is right, the plaintiff was entitled to return, and could return, no more than $190 worth of goods, figured at the invoice price. He returned all he had on hand. The goods rightfully returned amounted to $190 only. For those goods, unquestionably, he had a right to receive other goods, to be selected by him, at the regular wholesale price, to the amount of the goods so returned.

Under the record here made, we are not called upon to dispose of this case on its merits. The plaintiff complains of many errors in the instructions, many of which, we think, are well taken. The instructions certainly are confusing. We are not disposed to review these instructions, because it does not seem reasonable to suppose that the errors complained of will be repeated in a new trial. The case presents a simple question of fact. The contract of settlement is plain and unambiguous. These facts are for the consideration of the jury: Did the plaintiff return all of the goods which he had on hand at the time of the settlement? What of the goods returned were within the purview of the stipulation of settlement? For the goods on hand and actually returned, he was entitled to credit at the invoice price. Having this credit, he had a right to select other goods at wholesale price to the amount of his credit, no more and no less. The defendant was entitled to recover on its counterclaim for the storage of those goods which had been wrongfully sent to it. It was allowed to do so by the court.

On no theory can the verdict and judgment be sustained, and the case is, therefore, reversed and remanded for a new trial.—*Reversed and remanded.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.